UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Zayda Z.,<br><br>    Plaintiff,<br><br>    v.<br><br>Frank Bisignano,<br>  Commissioner of Social Security,<br><br>    Defendant. | No. 23 CV 2590<br><br>Magistrate Judge McShain |

**Memorandum Opinion and Order**

Plaintiff Zayda Z. appeals the Commissioner of Social Security's decision denying her applications for benefits. For the following reasons, plaintiff's motion for summary judgment [12] is denied, defendant's motion for summary judgment [15] is granted, and the denial of benefits is affirmed.[1]

## Background

In July 2020, plaintiff applied for disability insurance benefits and supplemental security income, alleging an onset date of April 13, 2019. [10-1] 15. The claims were denied initially, on reconsideration, and after a hearing before an administrative law judge (ALJ). [*Id.*] 15-28. The Appeals Council denied review in February 2023, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff has appealed to this Court, and the Court has subject-matter jurisdiction under 42 U.S.C. § 405(g).[2]

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step evaluation process. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date. [10-1] 17. At step two, the ALJ determined that plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine with radiculopathy, left ankle/foot tendinosis and tendon tear status post subtalar joint fusion with posterior

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [10-1], which refer to the page numbers in the bottom right corner of each page.

[2] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. [7].

tibia tendon repair, and obesity. [*Id.*] 17-18. At step three, the ALJ concluded that plaintiff's impairments did not meet or equal the severity of a listed impairment. [*Id.*] 18-19. Before turning to step four, the ALJ ruled that plaintiff had the residual functional capacity (RFC) to perform sedentary work, except that plaintiff could (1) never climb ladders, ropes, or scaffolds; (2) have only occasional exposure to unprotected heights; dangerous, heavy moving machinery; and vibration; (3) occasionally push and pull with her left lower extremity; and (4) occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. [*Id.*] 19-26. At step four, the ALJ held that plaintiff could perform her past relevant work as an insurance clerk and a work order clerk. [*Id.*] 26-27. Although that ruling meant that plaintiff was not disabled, the ALJ proceeded to step five and found that jobs existed in significant numbers in the national economy that plaintiff could perform: document preparer (17,000 jobs), addresser (2,900 jobs), callout operator (2,700 jobs), and circuit board assembler (10,000 jobs). [*Id.*] 27-28. For these reasons, the ALJ found that plaintiff was not disabled.

## Legal Standard

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

Plaintiff argues that the ALJ's decision should be reversed and remanded because the ALJ's subjective-symptom analysis was patently erroneous. *See* [12] 9-14; [17] 1-4. According to plaintiff, the ALJ did not adequately account for plaintiff's reports that her medications–specifically Gabapentin–had severe side effects, including making plaintiff feel sick, confused, and drowsy. [*Id.*] 12-13; *see also* [17] 1 ("The significant symptoms reported are confusion and drowsiness resulting from the medication Zayda took for pain relief."). The Court rejects this argument.

"When assessing a claimant's subjective symptom allegations, an ALJ must consider several factors, including the objective medical evidence, the claimant's daily activities, his level of pain or symptoms, aggravating factors, medication, course of treatment, and functional limitations." *Alejandro D. v. O'Malley*, No. 21 CV 5250, 2024 WL 4465475, at *5 (N.D. Ill. Oct. 10, 2024) (internal quotation marks omitted).

2

"The ALJ must explain her subjective symptom evaluation in such a way that allows the Court to determine whether she reached her decision in a rational manner, logically based on her specific findings and the evidence in the record." *Id.* (internal quotation marks and brackets omitted). "The Court will overturn an ALJ's evaluation of a claimant's subjective symptom allegations only if it is patently wrong." *Id.* (internal quotation marks omitted). "Flaws in the ALJ's reasoning are not enough to undermine the ALJ's decision that a claimant was exaggerating her symptoms. Not all of the ALJ's reasons must be valid as long as *enough* of them are." *Halsell v. Astrue*, 357 F. App'x 717, 722 (7th Cir. 2009) (emphasis in original; internal quotation marks and brackets omitted). The Seventh Circuit has even stated that it "would not reverse the credibility determination as long as the ALJ provided at least one reason to support the finding." *Schrank v. Saul*, 843 F. App'x 786, 789 (7th Cir. 2021).

At the hearing, plaintiff testified that her medications make her "sick and drowsy," "confused and drowsy," and unable to function. [10-1] 42, 49, 51. Plaintiff made similar complaints to her treaters in 2021, stating that Gabapentin made her confused and sick. *See* [*id.*] 763 (March 2021 treatment note); [*id.*] 811 (June 2021 treatment note). The ALJ acknowledged all this evidence in her decision. *See* [*id.*] 20 (summarizing plaintiff's testimony); [*id.*] 21 (summarizing complaints to treaters). In determining plaintiff's RFC, moreover, the ALJ concluded that these "potential medication side effects" could be accounted for by imposing "hazards limitations"–*i.e.*, restricting plaintiff's exposure to unprotected heights, dangerous moving machinery, and vibrations. [*Id.*] 20.

There is no merit to plaintiff's claim that the ALJ committed reversible error by failing to explain why she did not impose additional restrictions–specifically a time-off-task limitation, *see* [12] 14 (suggesting that time-off-task limitation was warranted, given the reported side effects)–to account for the side effects plaintiff experienced from taking Gabapentin. Most importantly, while the ALJ had to consider the "type, dosage, effectiveness, and side effects" of plaintiff's medications, SSR 16-3, 2017 WL 5180304, at *8 (Oct. 25, 2017), she was "not required to make specific findings concerning the side effects of prescription drugs on the claimant's ability to work." *Herron v. Shalala*, 19 F.3d 329, 335 (7th Cir. 1994); *accord Darren E. v. Kijakazi*, No. 1:22-cv-CV-729-MPB-TAB, 2023 WL 5163182, at *5 (S.D. Ind. Aug. 11, 2023) (same); *Carrasco v. Colvin*, No. 14 C 1306, 2015 WL 3397059, at *14 (N.D. Ill. May 26, 2015) (same). Furthermore, the ALJ was "subject to only the most minimal of articulation requirements," and she had no obligation to "provide a complete written evaluation of every piece of testimony and evidence." *Warnell*, 97 F.4th at 1053 (internal quotation marks omitted). Given these principles, the ALJ's "failure" to more completely explain why she did not impose additional restrictions to account for the adverse side effects of plaintiff's medications provides no basis for a remand.

3

In any event, this was not a case where the ALJ "ignore[d] an entire line of evidence contrary to her decision" that plaintiff's subjective complaints were not credible. *Kevin M. v. Kijakazi*, No. 20 C 6451, 2023 WL 1992186, at *5-7 (N.D. Ill. Feb. 14, 2023). To the contrary, the ALJ accurately summarized plaintiff's testimony about Gabapentin's side effects, she discussed the two treatment notes reflecting that plaintiff had complained that Gabapentin caused her to feel sick and confused, she expressly linked the no-hazards restriction in the RFC to those side effects, and she concluded that "no greater limitations are warranted by this record." *See* [10-1] 20-21, 26. This discussion provided a substantial evidentiary basis for the ALJ's conclusion that no additional restrictions were needed to account for the side effects of plaintiff's medications. *See Schoenfeld v. Colvin*, Case No. 15 C 267, 2016 WL 878263, at *8 (N.D. Ill. Mar. 8, 2016) (affirming denial of benefits where ALJ's discussion of both claimant's testimony that medication made him tired and treatment note reflecting that medication would cause sedation "demonstrate[d] that [ALJ] was aware of and considered the side effects of [claimant's] medications"); *cf. Smith v. Kijakazi*, 22-cv-163-slc, 2023 WL 4579444, at *6 (W.D. Wis. July 18, 2023) ("Although the ALJ did not describe [claimant's] reported side effects in his decision, he was not required to do so."); *Sylvester W. v. Kijakazi*, No. 19 C 4263, 2022 WL 1591622, at *7 (N.D. Ill. May 19, 2022) (affirming ALJ's credibility determination notwithstanding ALJ's failure to mention that claimant's medications caused dizziness because ALJ "was not required to discuss every factor nor every piece of evidence" and was free to "focus[ ] on those factors that he found to be most pertinent").[3]

---

[3] Nor is there merit to plaintiff's related argument that "the basis" for the ALJ's decision not to impose additional restrictions "is not apparent in the record." [12] 9. Despite being prescribed Gabapentin as early as 2019, *see* [10-1] 416, and taking (or continuing to take) the medication in 2021, the ALJ found only two treatment notes reflecting that plaintiff complained about its side effects (and plaintiff's brief does not cite to any similar complaints in the record that the ALJ ignored). That plaintiff made only two complaints to her treaters–complaints that were uncorroborated by any other objective medical evidence or opinion evidence–about the side effects of Gabapentin provides additional record-based support for not including a time-off-task limitation in the RFC. *See Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022) ("Subjective statements by claimants as to pain or other symptoms are not alone conclusive evidence of disability and must be supported by other objective evidence."); *Julie S. v. O'Malley*, No. 21 C 4816, 2024 WL 1092683, at *10 (N.D. Ill. Mar. 13, 2024) ("[A]n ALJ need only include limitations that are supported by the medical record, and there is no indication–either in the objective medical evidence or physician opinions–that the symptoms identified by Plaintiff resulted in specific work restrictions requiring time off task.") (internal quotation marks and citation omitted); *Danielle J. v. O'Malley*, No. 1:24-cv-155-TAB-JRS, 2024 WL 4131575, at *5 (S.D. Ind. Sept. 10, 2024) (affirming denial of benefits where "[p]laintiff failed to demonstrate that the ALJ's evaluation of her medication side effects was inaccurate or that her occasional complaints compelled additional limitations in the RFC").

But even if the ALJ had erred in evaluating the side effects of plaintiff's medications, that would not mean that the subjective-symptom determination was patently erroneous. *See Schrank*, 843 F. App'x at 789; *Halsell*, 357 F. App'x at 722; *Smith*, 2023 WL 4579444, at *6; *Sylvester W.*, 2022 WL 1591622, at *7. The ALJ concluded that plaintiff's allegations of disabling limitations were inconsistent with the objective medical evidence, which reflected, *inter alia*, full muscle strength in the lower left extremity and normal range of motion without crepitus or pain. [10-1] 23. The ALJ also found that they were inconsistent with the unchallenged opinion of Dr. Gilberto Munoz, an independent medical expert who reviewed the longitudinal record and opined that plaintiff could perform sedentary work. [*Id.*] 25-26.[4] The ALJ properly considered plaintiff's activities of daily living, which she reasonably viewed as supporting the conclusion that plaintiff could perform some sedentary work (including her past relevant work). [*Id.*] 25. Finally, the ALJ could not square plaintiff's allegations with her course of treatment, which the ALJ concluded was "helpful and effective in controlling the claimant's left ankle/foot problems" and her back problems. [*Id.*] 21, 24. These findings amply support the ALJ's determination that plaintiff's subjective allegations were inconsistent with the record as a whole. *See Carrasco*, 2015 WL 3397059, at *15 (where ALJ found that claimant was "less than fully credible on findings which are supported by the record" and were unrelated to plaintiff's testimony about side effects of medication, "this matter does not need to be remanded for the ALJ to discuss his specific consideration of Plaintiff's side effects from Tramadol or Lyrica, since the lack of discussion of those issues does not undermine the supportability of his decision" denying benefits).

## Conclusion

Plaintiff's motion for summary judgment [12] is denied, defendant's motion for summary judgment [15] is granted, and the denial of benefits is affirmed.

_____
**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: September 11, 2025**

---

[4] In her opening brief plaintiff states that she "does not object to the medical opinion provided by Dr. Munoz." [12] 9.

5